**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| CARLOS FLORES OLMOS, | § | |
| Reg. No. 76387-280, | § | |
|     **Movant,** | § | |
| | § | **EP-14-CV-101-FM** |
| v. | § | **EP-11-CR-1233-FM-1** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Carlos Flores Olmos's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (ECF No. 42).[1] In his motion, Olmos. a federal prisoner at contracted correctional facility in Pecos, Texas, challenges the mandatory-minimum-ten-year term of imprisonment imposed by the Court after he pleaded guilty, pursuant to a plea agreement, to wrongfully importing more than five kilograms of cocaine. Olmos asserts his counsel provided constitutionally ineffective assistance. He also asks the Court to retroactively apply an amendment to the Sentencing Guidelines and recalculate his sentence. The United States of America ("the Government") contends Olmos has failed to demonstrate his attorney's actions were either ineffective or prejudiced his case. Moreover, it maintains Olmos is not entitled to a sentence reduction based on the amendment. The Government, therefore, asks the Court to deny Olmos's motion. Upon reviewing the record and for the reasons discussed below, the Court concludes Olmos has failed to establish an entitlement to § 2255 relief. The Court will accordingly deny his motion and dismiss his civil cause with prejudice. The Court

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-11-CR-1233-FM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

will additionally deny him a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

On May 4, 2011, Olmos, the sole occupant and driver of a 2005 Toyota Rav4, applied for entry into the United States from Mexico at the Bridge of the Americas Port of Entry in El Paso, Texas. While awaiting inspection, a narcotics detecting dog alerted to the rear undercarriage of the vehicle. During a subsequent search of the Toyota, Customs and Border Protection officers discovered ten bundles hidden inside a non-factory-installed compartment. The bundles contained 11.4 kilograms of cocaine. After the officers advised Olmos of his rights, he explained someone had offered him $5000 to cross the drug-laden vehicle into the United States.

The Court appointed a federal public defender to represent Olmos, but a retained attorney, Francisco Macias, entered an appearance and successfully moved to substitute himself as Olmos's counsel. A grand jury sitting in the Western District of Texas, El Paso Division, then returned a two-count indictment charging Olmos with importing and possessing five kilograms or more of cocaine.

Olmos entered into a plea agreement with an appellate-rights waiver, pleading guilty to the importation charge in return for the Government moving to dismiss the possession charge. The Government also agreed not to oppose a "safety valve" downward reduction at Olmos's sentencing, pursuant to Sentencing Guidelines Manual §§ 2D1.1(b)(16) and 5C1.2, if Olmos provided truthful information about his offenses. The Court accepted the plea and Olmos debriefed with federal agents on three separate occasions.

Olmos's sentencing hearing centered almost exclusively on whether Olmos should receive a "safety valve" downward reduction. At issue was Olmos's truthfulness during the three

debriefings.  The prosecuting attorney gave examples of Olmos's conflicting and incomplete

statements to demonstrate his position that Olmos did not qualify for the "safety valve."

> The Government also noted "that prior to Mr. Macias getting there, [Olmos]
> inquired about who had hired Mr. Macias.  And we told him we didn't know,
> but if he was concerned about Mr. Macias, that we would be happy to relay
> that information to the Court."  During the course of further questioning by
> the court, the Government detailed a few instances in which the issue of
> Macias's representation of Olmos had arisen in the context of safety valve
> meetings between Olmos and the Government.

> The court then questioned Macias directly.  Macias disclosed that he had been
> retained by a third party known to him only as "El Sobrino," who several
> times a year would send Macias $3,000 in cash along with the name of a
> defendant for him to represent.  Macias stated that he never had any other
> contact with El Sobrino and that his practice was to withdraw in the event a
> conflict arose in the course of these representations.

> The district court proceeded to question Olmos.  Olmos denied knowing
> anyone known by the sobriquet "El Sobrino" and told the court that Macias
> had failed to tell him the identity of the man who had retained him.  Olmos
> stated that he never asked Macias to leave the room during his safety valve
> debriefings because he "feared that would lend itself to misinterpretation"
> and that he "was worried about the situation."  The district court then asked
> Olmos whether Macias's presence had affected his "ability to tell the truth,"
> to which Olmos responded in the negative, and whether the declarations he
> had given to the Government, which the Government had not found credible,
> were truthful.  Olmos replied that they had been.[2]

After hearing further argument from counsel, the Court denied a Olmos a "safety valve"

reduction and sentenced him to the mandatory minimum of ten years' imprisonment.  The

following day, Macias moved to withdraw as counsel due to what he described as a conflict with

Olmos.  The Court granted Macias leave to withdraw, and it appointed a new counsel to

represent Olmos.  A direct appeal followed.

     In his sole ground for relief on appeal, Olmos claimed the Court erred when, upon

---

[2] *United States v. Olmos*, 532 F. App'x 462, 464 (5th Cir. 2013).

learning that a third party had retained Macias, it did not inquire of Olmos, in accordance with *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir.1975), whether he was waiving his right to a conflict-free counsel.  After noting "Olmos has advanced no argument for why Macias was actually conflicted in his representation other than his being paid by a third party [and] a *Garcia* hearing was not necessary,"[3] the Fifth Circuit Court of Appeals affirmed the judgment.  The Supreme Court thereafter denied Olmos's petition for a writ of certiorari.[4]  The instant § 2255 motion followed.

Mindful of Olmos's *pro se* status,[5] the Court understands him to assert three claims. First, he avers a third party, "El Sobrino," hired his attorney "to keep an eye on what [he said] during the debriefing" and, as a result of his lawyer's ineffective assistance, he did not qualify for a "safety valve" downward reduction.[6]  Second, he claims he met the criteria for the "safety valve" downward reduction, but his attorney failed to advocate for the reduction.[7]  Finally, he maintains under the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub. L. 108–21 (the "PROTECT Act"), and Amendment 775 to the Sentencing Guidelines which became effective on November 1, 2013, the Court should grant him

---

[3] *Id.* at 465.

[4] *Olmos v. United States*, 133 S. Ct. 2819 (2013).

[5] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief).

[6] Mot. to Vacate 4, ECF No. 42, Mar. 21, 2014.

[7] *Id.* at 6.

an additional one-level downward adjustment under Sentencing Guideline § 3E1.1 for acceptance of responsibility.[8]

## APPLICABLE LAW

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[9] Accordingly, " '[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[10] Typically, before a court will grant relief pursuant to § 2255, the movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[11]

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence.[12]  A court may deny a § 2255 motion, however, if "the files and

---

[8] *Id.* at 10.

[9] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[10] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[11] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[12] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

records of the case conclusively show that the prisoner is entitled to no relief."[13]  When a court

finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may

appear appropriate."[14]  Thus, the Court has "'broad and flexible power' . . . 'to fashion an

appropriate remedy.'"[15]

      Moreover, a collateral challenge to a conviction or sentence should not serve as a

substitute for a direct appeal.[16]  When raising issues of jurisdictional or constitutional magnitude

for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate

"cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error,

or (2) show that he is "actually innocent" of the crime for which he was convicted.[17]  The cause-

and-actual-prejudice standard is "significantly more rigorous than even the plain error standard

---

[13] 28 U.S.C. § 2255(b) (2012); *see also United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence–and not necessarily direct evidence–that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[14] 28 U.S.C. § 2255(b).

[15] *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a . . . flexible remedy."); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . . This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

[16] *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).

[17] *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999) (quoting *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998)).

. . . applied on direct appeal."[18]  If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence.[19]  This procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as an ineffective-assistance-of-counsel claim.[20]

Generally, an ineffective-assistance-of-counsel claim presented in a § 2255 motion is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[21]  To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.[22]  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.[23]  If the movant fails to prove one prong, it is

---

[18] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

[19] *United States v. Drobny*, 955 F.2d 990, 994–95 (5th Cir. 1992).

[20] *See United States v. Willis*, 273 F.3d 592, 597 n.7 (5th Cir. 2001) ("We note that the procedural default rule does not apply to claims that could not have been raised on direct appeal[.]"); *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating that the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

[21] *Willis*, 273 F.3d at 598.

[22] *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984).

[23] *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

not necessary to analyze the other.[24]

With these principles in mind, the Court will address Olmos's claims.

## ANALYSIS

### A.    Ineffective Assistance of Counsel at Debriefings

Olmos first claims his retained counsel, Macias, affected his ability to provide truthful and complete information during his debriefings regarding his knowledge of the circumstances surrounding his arrest. This, according to Olmos, resulted in him not qualifying for a "safety valve" downward departure below the minimum mandatory ten-ten year sentence. He argues, therefore, that Macias failed to provide effective counsel.

The defendant has the burden of establishing his eligibility for the "safety valve," including the burden of showing that he *truthfully* provided the Government with all the information and evidence he has about the offense.[25] The Court devoted most of Olmos's sentencing hearing to whether Olmos provided truthful information for the purpose of receiving the benefit of the "safety valve."[26] The prosecutor explained that he and the case agents who participated in three separate debriefings found Olmos made inconsistent statements and concluded he was not truthful:

---

[24] *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir.1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

[25] *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

[26] Sentencing Tr. 2–31, ECF No. 38, Nov. 7, 2011.

MR. LEAL: . . . [H]e's coming back and telling the agents the same thing again that he was afraid for his daughter's life and had to pass the drug-laden vehicles for Torres. Then the agents asked him, Why didn't you ever ask to speak to your family, including the day you were arrested, the threats? Then he says his daughters have visited him in jail with their grandmother.

And the agents say, Well, have you told your mother? And he says, No. And when they ask him why not, he says he doesn't want to worry them. So, I mean, I can only come to the conclusion, Judge, that he is not being truthful.[27]

The Court then specifically asked Olmos if Macias's presence in the room prevented him from telling the truth:

THE COURT: Mr. [Olmos], my question was very simple: Even though Mr. Macias remained in the room, you decided that you were going to speak; is that correct?

. . . .

THE DEFENDANT: Yes, Your Honor.

THE COURT: So Mr. Macias' presence didn't affect your ability to tell the truth?

THE DEFENDANT: To tell the truth, like I said, the relationship . . .

THE COURT: My question I am going to ask you again Mr. Macias' presence in the room, did it keep you from telling the truth, from speaking truthfully? Yes or no? Tell me.

THE DEFENDANT: No, Your Honor.[28]

" 'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' "[29] Although, Olmos now argues

---

[27] *Id.* at 20–21.

[28] *Id.* at 14–15.

[29] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74, (1977)).

that Macias's relationship with "El Sobrino" had some sort of negative effect on the quality of his "safety valve" debriefings, his admission before the Court at the time of his sentencing made it clear that Macias's presence during the debriefings did not have such an impact.

Furthermore, the Court, after hearing the discussion and arguments at Olmos's sentencing hearing, determined that Olmos *had not been truthful* and, therefore, did not qualify for benefits of the "safety valve." Olmos has not met his burden of showing Macias either was ineffective or prejudiced his cause. He is not entitled to § 2255 relief on this claim.

### B.      Ineffective Assistance of Counsel at Sentencing

Olmos's second argument—that he met the criteria for the "safety valve," but Macias failed to advocate for its benefits—also has no merit. The record reveals, contrary to Olmos's assertion, that Macias objected to Olmos not receiving a "safety value" departure. In fact, Macias advocated vigorously to the Court that Olmos had qualified for the "safety valve" provision:

> MR. MACIAS: Your Honor, the second and the third debriefing, as far as the material relevant conduct, that is, that I passed two loads and then I passed a third load is consistent throughout. I think the only things that are different are the details and the fact that he now understands that, I don't know if these guys know each other. I think that's the only difference.
>
> And I think in the material things, he is telling these agents the truth, the little that he knows. Because, you know, I don't care how you cut it, this man is just the pack animal. And even though that he asked to talk to other people higher up in the chain, everybody said, No, no, no, you don't need to talk to anybody higher up in the chain besides us. And it's consistent in that respect.
>
> And, of course, he he makes some clarifications in the third debriefing that he doesn't know if the guy that he passed the first two loads for knows

the guy that he passed the third load for.[30]

"[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."[31] Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[32]  Olmos has not, through his conclusory assertions, overcome this presumption.[33]  Macias's unsuccessful effort to obtain a "safety valve" downward reduction simply does not equate to deficient or prejudicial performance.[34]  Olmos is not entitled to § 2255 relief on this claim.

## C.   Retroactive Application of Amendment to Sentencing Guidelines

Finally, Olmos maintains the Court should reduce his sentence based on Amendment 775 to the Sentencing Guidelines.  Olmos believes that if the Court retroactively applies the amendment, the Court will grant him an additional one-level downward adjustment for

---

[30] Sentencing Tr. 21–22.

[31] *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (citations omitted).

[32] *Id.*

[33] *See Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984) ("One claiming ineffective assistance of counsel must identify specific acts or omissions; general statements and conclusionary charges will not suffice.  The particular professional failure must be pled and proven.").

[34] *See Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004) ("[A]n unsuccessful strategy does not necessarily indicate constitutionally deficient counsel.").

acceptance of responsibility.

The Court sentenced Olmos on September 19, 2011.  Amendment 775 went into effect approximately two years later on November 1, 2013.[35]  In accordance with 18 U.S.C. § 3582, a court may reduce a term of imprisonment after it has imposed a sentence when the "sentencing range . . . has been *subsequently* lowered by the Sentencing Commission . . . *if* such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[36]  The Sentencing Guidelines list all amendments eligible for retroactive effect.[37]  If an amendment is not listed, a Court may not order a sentence reduction based on the amendment.[38]  The list does not include Amendment 775.[39]  The Court, therefore, finds that Amendment 775 is not retroactively applicable, and that it may not reduce Olmos's sentence under § 3582 based on Amendment 775.[40]

---

[35] U.S. SENTENCING GUIDELINES MANUAL app. C. amend. 775 (2013).

[36] 18 U.S.C. § 3582(c)(2) (2012) (emphasis added); *see also United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

[37] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (2013).

[38] *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) ("Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. . . . The applicable policy statement is [Sentencing Guideline] § 1B1.10.") (citing *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)).

[39] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (2013).

[40] *See Drath*, 89 F.3d at 218 ("[W]e have held that '[§] 3582(c)(2) applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, [Sentencing Guideline] § 1B1.10(d).'") (quoting *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir.1995)); *United States v. Miller*, 903 F.2d 341, 349 (5th Cir.1990) ("[S]ection 1B1.10(a) states that a change in the guidelines that results in the possibility of a lower

Furthermore, Amendment 775 changed the official commentary of Sentencing Guideline § 3E1.1 by adding "[t]he government should not withhold [a motion for the one-level reduction] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal."[41] This amendment, even if it applied retroactively, will not change the calculations for Olmos's sentence. The Court was willing to grant Olmos a downward adjustment for all three levels permissible for acceptance of responsibility at the time of his sentencing. However, the statutory minimum sentence of 120 months superseded the Sentencing Guidelines. The Court, therefore, sentenced Olmos to the mandatory 120 months' imprisonment.

Olmos is not entitled to § 2255 relief on this claim.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[42] The record in this case is adequate to dispose fully and fairly of Olmos's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

---

sentencing range may be a ground for reconsideration of sentence under section 3582(c)(2) only in the case of a few particular amendments, namely those amendments listed in section 1B1.10(d).").

[41] *United States v. Garcia-Carrillo*, 749 F.3d 376, 377 (5th Cir. 2014).

[42] *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit . . . justice or judge issues a certificate of appealability."[43] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[44] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[45] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[46] Here, Olmos's § 2255 motion fails because he has not made a substantial showing of the denial of a constitutional right. Thus, the Court finds it should deny Olmos a certificate of appealability.

## CONCLUSIONS AND ORDERS

Therefore, for the reasons stated above, the Court concludes it should deny Olmos's § 2255 motion and dismiss his civil cause. The Court further concludes that Olmos is not entitled

---

[43] 28 U.S.C. § 2253(c)(1)(B) (2012).

[44] *Id.* § 2253(c)(2).

[45] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[46] *Slack*, 529 U.S. at 484.

to a certificate of appealability.  Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Olmos's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (ECF No. 42) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Olmos is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this ___29___ day of May 2015.


**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**